ARGUED AND DETERMINED

AT

# NISI PRIUS.

---

SITTINGS AFTER FEBRUARY TERM, 1809, AT NEW YORK.

CORAM MR. JUSTICE VAN NESS.

---

PHILLIPS *against* BRUCE, et al.

The vendee may rescind a contract, in the event of a total departure from it by vendor. Inadequate performance may be given in evidence upon an implied and executory, but not upon an express and executed contract.

ASSUMPSIT, for goods sold.

Plea, non-assumpsit.

It appeared in evidence that the plaintiff had sold to the defendants 1,340 quintals of fish, at 3 dollars and 50 cents per quintal, without any specific representation or warranty. That the defendants, previous to the purchase, had them-

selves examined the fish. It also appeared that the plaintiff was employed two or three days in delivering the fish. The fish, delivered on the first day, were unobjectionable; but those delivered on the second day were inferior in quality. The defendants, upon observing this, told the plaintiff, that if he did not deliver better fish, they would have nothing to do with them, and at the same time pointed out the quality of the fish they wished to received. The plaintiff then proceeded to cull out the objectionable fish, and delivered the residue, without any further objection, to the defendants' agent and store-keeper, who, thereupon, gave to the plaintiff a receipt "for 1,340 quintals of fish on account of the defendants."

The defendants rested their defence on two grounds:

1. That the conduct of the defendants, on the second day, amounted to a positive prohibition to the further delivery; and that the contract must be considered as rescinded by the defendants at that time, and the fish delivered and stored for the use of the plaintiff.

2. That if the contract was not to be considered as rescinded, still they were entitled to a deduction on account of the inferior quality of the fish delivered on the days subsequent to the first; and to support this point, they relied on *Basten* v. *Butter*, 7 East, 479.

Van Ness, J. The defendants could only have been entitled to rescind the contract in the event of a total departure from it on the part of the plaintiff, which has not been proved in this case. The case of *Basten* v. *Butter* (cited from 7 East,) is essentially variant from the present case. That was a case of an implied and executory contract which had not been properly performed. There the defendant was permitted to show this fact, and a deduction

was allowed upon the plaintiff's *quantum meruit.*   But this is an express and executed contract.   Here, too, the parties had an opportunity to examine, and did examine the articles before the price was fixed.   They purchased, therefore, upon their own judgment, and no deduction from the original price agreed upon can be allowed in law.(1)

Verdict for the plaintiff for the whole amount.

*Emmet* and *Ferguson,* for the plaintiff.

*Wells,* for the defendants.

(1) Judge Buller seems to have decided the case of *Brown* v. *Davis,* (7 East, 480, n.) on the same principle.   That was an action of assumpsit, for the price of erecting a booth on Bath race-ground.   The plaintiff proved that the measure of the booth was settled between him and defendant; that he was to have twenty guineas for building it, (five of which were paid beforehand,) and to take back the materials after the races; that he built it according to the stipulated dimensions.   The defendant proved that the booth fell down in the middle of the races, owing to bad materials and bad workmanship.   Buller, J, ruled, that this was no defence to the present action, especially as a particular sum was specified and part paid.   Though a cross action might be brought against the present plaintiff, for building the booth improperly.   When a contract shall be said to be executed, and when executory, vide 1 Comyn on Contracts, 3; 2 Bl. Comm. 443; *McDonald* v. *Hewitt,* 15 Johns. 349; vide, also, *post, Schureman* et al. v. *Withers;* vide note to preceding case on the subject of *recoupement.*

In the year 1852, the defence of a *counter claim* was introduced by certain amendments, made by the legislature of the state of New York, to the Code of Procedure.   This *counter claim* is defined therein as follows: "A cause of action, arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the *action.*"   *Code Proc.,* secs. 149, 150, &c.   The defence in this case ranges itself very clearly under this head, and by interposing it in this way, the defendant may not only beat down the demand of the plaintiff, as might have been done, heretofore, by a *recoupement,* but may recover the whole amount of damages or loss he may have sustained, exceeding even

the sum claimed by the plaintiff, which he could not do in the case of *recoupement*. This seems to be a manifest improvement, and, inasmuch as it arises out of the subject matter of the action, can lead to no confusion at the trial, when properly set forth in the pleadings, and confined strictly to matters of contract or *quasi ex contractu* as seems to be the intention of the legislature. *Beardsley* v. *Stover*, 7 How. P. R. 224; *Bogardus* v. *Parker*, ib. 303.